UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAREPORTAL INC.,

                Plaintiffs,

      v.

TRAVANA, INC, AHMET SEYALIOGLU,
NISHITH KUMAR a/k/a NISHITH VARMA, and
JASON WARE,

                Defendants.

No.  1:16-cv-09882 (ALC) (SDA)


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
VOLUNTARY DISMISSAL OF PLAINTIFFS' CLAIMS AGAINST
DEFENDANT NISHITH KUMAR**


SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700

*Attorneys for Fareportal Inc.*

Plaintiff Fareportal Inc. ("Fareportal") by and through its undersigned counsel, Sheppard, Mullin, Richter & Hampton LLP, respectfully submits this memorandum of law in support of its motion pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("Rule 41(a)(2)") for an order dismissing Fareportal's claims against Defendant Nishith Kumar ("Kumar") without prejudice.

## FACTS SUPPORTING DISMISSAL

Fareportal commenced this action on December 22, 2016, by filing a complaint against Kumar, as well as Defendants Travana, Inc. ("Travana"), Ahmet Seyalioglu ("Seyalioglu"), and Jason Ware ("Ware"). (Dkt. No. 1.)  Travana subsequently entered bankruptcy, and this action was stayed against it on June 6, 2017 (Dkt. No. 49).  On September 22, 2018, Fareportal filed a claim in Travana's bankruptcy for not less than $10 million, based upon, among other things, the misconduct by Travana that is the subject of this action.  (*See In re Travana, Inc.*, N.D. Cal. Bankr., Chapter 11 Case No. 17-30373, Claim No. 18.)  In addition to filing its Proof of Claim in the Travana bankruptcy, Fareportal has recently entered into individual confidential settlement agreements with the two remaining individual defendants other than Kumar, Seyalioglu and Ware.  Fareportal has had settlement discussions with Kumar, but no settlement has been reached.  Fareportal also offered Kumar the option of stipulating to the dismissal of the claims against him, but Kumar has declined the offer.  Because Fareportal has reached confidential settlement agreements with all other non-bankrupt parties in this action, and Fareportal's claims against Travana remain subject to its Proof of Claim in the Travana bankruptcy and the automatic stay imposed by that bankruptcy, the costs of pursuing further litigation against Kumar now far outweigh any potential benefits that Fareportal may obtain.  Accordingly, Fareportal wishes to voluntarily dismiss this action with respect to Kumar pursuant to Rule 41(a)(2).  The

only remaining claims in this action would then be the stayed claims against Travana, which are currently the subject of Fareportal's Proof of Claim in the Travana bankruptcy.

## ARGUMENT FOR DISMISSAL

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Gap, Inc. v. Stone Int'l. Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (citation omitted); *see also Elliot v. Buffalo City Sch. Dist.*, No. 1:17-CV-397-WKS, 2018 WL 1726535, at *3 (W.D.N.Y. Apr. 10, 2018); *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017).  To evaluate whether dismissal without prejudice is proper, the Second Circuit has instructed New York courts to consider the following five factors established in the case *Zagano v. Fordham University* (the "*Zagano* factors"): "(1) the plaintiff's diligence in bringing the motion; (2) any 'undue vexatiousness' on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparing for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss.'" 900 F.2d 12, 14 (2d Cir. 1990).

Here, each of the *Zagano* factors favor Fareportal.  With respect to the first factor, while this case has been pending before this Court for approximately two years, this is largely a consequence of Travana's bankruptcy, withdrawal of counsel for other defendants, and a lengthy stay of discovery in the action due to Travana's bankruptcy. *See Paulino*, 320 F.R.D. at 110 (dismissal appropriate despite length of case pendency where case had been subject to multiple stays and extensions of time).  Fareportal diligently pursued this motion when it became clear

that Kumar, and Kumar alone, was unwilling to stipulate to a dismissal of the claims against him. As to the second factor, Fareportal indisputably filed this action to protect its rights and intellectual property, rather than to harass or otherwise burden Kumar. This genuine motive for commencing litigation thus has no indicia of "vexatiousness" or ill will, as the second *Zagano* factor requires. *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2002) (granting dismissal where "there [was] no evidence to suggest that the case was brought to harass the defendant.")

The third and fourth *Zagano* factors also weigh against a finding of prejudice towards Kumar in the event of dismissal. This case remains in the discovery phase, and although the parties have exchanged documents, disputes concerning discovery remain and the parties have not engaged in pre-trial motion practice or the exchange of pretrial materials. To date, much of the discovery in this action paralleled discovery relating to Travana's bankruptcy, and the proceedings in this case against Kumar, who is proceeding *pro se,* has entailed minimal time and expense for Kumar and would not entail burdensome expense in the event of relitigation. *See Am. Fed'n of State, Cnty. & Mun. Emp. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12 Civ. 2237(JPO), 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013) ("The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred."). Finally, Fareportal has offered an adequate and legitimate explanation for discontinuing litigation, as it has settled with all other non-bankrupt parties in the action and the costs of continuing to proceed against Kumar alone now far outweigh any potential benefit.

Accordingly, the five *Zagano* factors weigh heavily in favor of Fareportal and dismissal. As Kumar will not suffer any prejudice, let alone substantial prejudice, as a result of Fareportal's dismissal of its claims against him.  In fact, Kumar will be afforded the substantial benefit of having this lawsuit dismissed with respect to him.  Accordingly, Fareportal's motion for an order dismissing its claims against Kumar without prejudice pursuant to Rule 41(a)(2) should be granted.

## CONCLUSION

For the foregoing reasons, Fareportal respectfully requests that this Court enter an order dismissing its claims against Kumar without prejudice pursuant to Rule 41(a)(2).

Dated: New York, New York
          November 28, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:     */s/ Paul W. Garrity*
          Paul W. Garrity
          Jonathan Stoler
          Thomas M. Monahan
          30 Rockefeller Plaza
          New York, New York 10112
          Telephone:  (212) 653-8700

*Attorneys for Fareportal Inc.*
