USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8-30-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAREPORTAL INC.,

             **Plaintiff,**

-against-

TRAVANA, INC., AHMET SEYALIOGLU, NISHITH KUMAR, and JASON WARE,

             **Defendants.**

16-cv-09882 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiff Fareportal Inc. ("Fareportal") originally brought this action against Defendants Nishith Kumar ("Kumar"), Travana, Inc. ("Travana"), Ahmet Seyalioglu ("Seyalioglu"), and Jason Ware ("Ware") (collectively, "Defendants") alleging Copyright Infringement and various other violations.[1] ECF No. 1. Plaintiff now moves to voluntarily dismiss all claims against Kumar without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("Rule 41(a)(2)"). Kumar opposes Plaintiff's motion and requests the Court to proceed through discovery or alternatively dismiss the action with prejudice. For the following reasons, Defendant's request is DENIED and Plaintiff's motion is GRANTED.

## BACKGROUND

    Fareportal commenced this action against Defendants on December 22, 2016. ECF No. 1. Travana subsequently entered bankruptcy and this action was stayed against it on June 6, 2017. ECF. No. 49. On September 22, 2018, Fareportal filed a Proof of Claim in Travana's bankruptcy based on, among other things, the same misconduct alleged here. *See In re Travana, Inc.*, N.D.

---

[1] Plaintiff also alleged: Computer Fraud and Abuse Act 18 U.S.C. §§ 1030 Et Seq. (Against Ware); Violation of the Defend Trade Secrets Act under 18 U.S.C. §1836 (Against Travana, Ware and Kumar); Breach of Fiduciary Duty (Against Kumar); Misappropriation of Trade Secrets (Against Travana and Kumar); Conversion (Against Kumar); Unfair Competition (Against Travana and Kumar); Aiding and Abetting Breach Of Fiduciary Duty (Against Travana and Seyalioglu); and Tortious Interference With Prospective Economic Advantage (Against Travana, Seyalioglu and Kumar). See ECF No.1.

1

Cal. Bankr., Chapter 11 Case No. 17-30373, Claim No. 18. In addition to filing its claim in the Travana bankruptcy, Fareportal entered settlement agreements with Kumar's individual co-defendants, Seyalioglu and Ware. Settlement discussions between Fareportal and Kumar have been unsuccessful, and Kumar has declined to stipulate dismissing the claims against him.

Fareportal contends that the settlements with Kumar's individual co-defendants, combined with the fact that its claims against Travana remain subject to its Proof of Claim in the Travana bankruptcy and the automatic stay imposed by that bankruptcy, make the price of litigating this action against Kumar irrationally costly. Kumar, on the other hand, believes this case has always been irrational. Specifically, Kumar contends these allegations severely damaged his reputation. For example, Kumar claims he frequently received hiring inquiries and had opportunities to take different jobs. However, since Fareportal brought this suit, Kumar claims he is unable to find "appropriate employment" since "no company wants to hire a CFO…accused of stealing property, stealing trade secrets and other misconducts." As a result, Kumar refuses to consent to dismissing the claims against him unless Fareportal: 1) compensates him for his damages; 2) admits the claims are false; and, 3) publicly apologizes for bringing these claims. See ECF No. 109.

## DISCUSSION

### A. Legal Standard

Fed. R. Civ. P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The decision whether to grant a Rule 41(a)(2) motion for voluntary dismissal lies within the sound discretion of the court. *See Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001). Voluntarily dismissing an action

without prejudice is not a matter of right. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). Courts consider two lines of authority when deciding a motion to voluntarily dismiss. *See Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). The first line indicates that voluntary dismissal is improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S. Ct. 752, 91 L.Ed. 849 (1947)); *see also D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 2006) (beginning "a litigation all over again does not constitute legal prejudice.") The second line follows the five *Zagano* factors: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Camilli*, 436 F.3d at 123 (citing *Zagano*, 900 F.2d at 14). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011). Furthermore, courts generally "presume that a party's motion to dismiss its own claims without prejudice should be granted." *Parker v. Tougher Industries, Inc.*, No. 06 Civ. 400, 2013 WL 316389, at *1, 2013 U.S. Dist. LEXIS 10680, at *5 (N.D.N.Y. Jan. 28, 2013).

### B. Application

Defendant Kumar has not demonstrated legal prejudice sufficient to bar Plaintiff's motion to voluntarily dismiss the claims against him. Balancing the *Zagano* factors weighs in Fareportal's favor.

#### 1. Diligence Factor

With respect to the first factor, Plaintiff attributes this action's approximately three-year pendency to Travana's bankruptcy, withdrawal of counsel for other defendants, and a lengthy stay of discovery due to Travana's bankruptcy. *See Paulino v. Taylor*, 320 F.R.D. 107, 110 (S.D.N.Y. 2017) (dismissal appropriate despite length of case pendency where case had been subject to multiple stays and extensions of time). The Court agrees. Furthermore, Fareportal pursued this motion when Kumar's unwillingness to agree to dismissing the claims against him became clear. Thus, this factor weighs in Plaintiff's favor.

### 2. Vexatious Factor

Kumar's main challenge to Plaintiff's motion deals with the second factor: Fareportal's undue vexatiousness. A plaintiff is vexatious if they bring a case "to harass the defendant," *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2002), or the plaintiff had "ill-motive". *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 5 CIV. 3939, 2008 U.S. Dist. LEXIS 67474, 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008). Defendant claims Plaintiff fits this description by bringing this "frivolous" case with no proof suggesting their allegations against him had merit. The Court disagrees.

Kumar has presented no evidence to suggest Plaintiff brought this case to harass him, making his "vexatious" claim ring hollow. *See Hinfin Realty Corp.*, 206 F.R.D. at 356 (granting dismissal where "there [was] no evidence to suggest that the case was brought to harass the defendant.") According to the record, Fareportal brought this case against Defendants after Kumar allegedly took Fareportal property and began working as the CFO of a direct competitor seeking to obtain Fareportal's trade secrets, confidential information and technology. Thus, it appears Fareportal filed this action to protect its rights and intellectual property, rather than to harass or burden Kumar. Plaintiff's seemingly genuine motive for commencing litigation has no indicia of

4

"vexatiousness" or ill will. Accordingly, the second factor weighs in Plaintiff's favor.

### 3. Remaining Factors

The remaining *Zagano* factors also favor Plaintiff. This case remains in discovery. There are no pending pre-trial motions and the parties are not preparing for trial. Indeed, Plaintiff claims much of the discovery paralleled discovery relating to Travana's bankruptcy. Furthermore Kumar, who is proceeding *pro se*, has not argued that litigating this case has been, or will be in the event of relitigation, financially burdensome. Thus, the third and fourth factors favor Plaintiff. *See Am. Fed'n of State, Cnty. & Mun. Emp. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12 Civ. 2237(JPO), 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013) ("The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred.") Moreover, Fareportal claims it settled with all other non-bankrupt defendants and the costs to proceed against Kumar alone far outweigh any potential benefit. Therefore, Fareportal has offered an adequate and legitimate explanation for discontinuing litigation. Therefore, the fifth factor weighs in Plaintiff's favor.

Finally, Kumar will not suffer any legal prejudice, let alone substantial prejudice, as a result. *See Jaskot v. Brown*, 167 F.R.D. 372, 374 (S.D.N.Y. 1996) ("[T]he mere fact that the plaintiff may seek to include the allegations contained in this complaint in a subsequent proceeding is not sufficient legal prejudice.") In fact, since Kumar claims prospective employers perceive these allegations as a scarlet letter, dismissing them should benefit him to some degree. Accordingly, the five *Zagano* factors weigh heavily in favor of dismissing the claims against Kumar.

## CONCLUSION

For the foregoing reasons, Fareportal's motion to voluntarily dismiss its claims against Kumar without prejudice pursuant to Rule 41(a)(2) is GRANTED. The remaining claims in this action are the stayed claims against Travana. Accordingly, the Parties are ordered to submit a joint status report on or before December 2, 2019. The Clerk of Court is respectfully directed to terminate the motion at docket entry 105.

**SO ORDERED.**

**Dated:** August 30, 2019

**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**